UNITED STATES DISTRICT COURT                                                C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
MARTIN NOBLES,                                              :
                                  Plaintiff,                :   **MEMORANDUM**
                                                            :   **DECISION & ORDER**
                    - against -                             :
                                                            :   18-cv-0680 (BMC) (LB)
ERIC GONZALEZ, Acting District Attorney,                    :
Kings County District Attorney Office,                      :
                                                            :
                                  Defendant.                :
----------------------------------------------------------- X

**COGAN**, District Judge.

    *Pro se* plaintiff Martin Nobles, who is incarcerated at the Otis Bantum Correctional Center on Rikers Island, commenced this action against the Kings County District Attorney[1] pursuant to 42 U.S.C. § 1983. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. As explained further below, the complaint is hereby dismissed with prejudice as to the claim relating to his pending criminal proceeding and without prejudice as to his claim for damages based on the term of post-release supervision which was administratively added to his sentence imposed in 2000.

## BACKGROUND

    Plaintiff alleges that he was sentenced to three years' imprisonment in 2000. He asserts that the New York Department of Correctional Services[2] administratively added a five-year term of post-release supervision in violation of New York's Criminal Procedure Law § 380.20 and § 380.40, which provide that only a judge can impose sentence. He states that he served his term

---

[1] Although the complaint refers to Eric Gonzalez as the Acting District Attorney, he was elected Kings County District Attorney in November 2017.

[2] The New York Department of Correctional Services and Department of Prisoners were separate entities until 2011, when they merged to form the New York Department of Corrections and Community Supervision.

and was released on February 14, 2007. Plaintiff alleges that the Kings County District Attorney's Office is currently using this illegal sentence to categorize plaintiff as a predicate offender. He states that the events giving rise to his claim occurred on May 24, June 1, August 1, and August 29, 2017 at the New York Supreme Court, Kings County. He alleges that this use of a past illegal sentence violates his constitutional rights and seeks $30 million in compensation.

## DISCUSSION

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). Moreover, at the pleading stage of the proceeding, the Court must assume that "all well-pleaded, nonconclusory factual allegations" in the complaint are true. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Moreover, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pursuant to the *in forma pauperis* statute, a district court must also dismiss a case if the court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In this case, plaintiff appears to raise two separate constitutional claims. In one claim, he alleges that his constitutional rights were violated when the Department of Corrections administratively added a term of post-release supervision to his sentence. In the second claim, plaintiff alleges that the Kings County District Attorney violated his rights in 2017 by categorizing him as a predicate offender based on the prior illegal sentence.

I. **Claim Based on Administratively Added Term of Post-Release Supervision**

Plaintiff's first claim alleges that his rights were violated when the Department of Correctional Services administratively added a term of post-release supervision to his sentence imposed in 2000.

While New York's Penal Law § 70.45(1) requires that determinate sentences for violent felonies be followed by a term of post-release supervision, New York Criminal Procedure Law § 380.20 and § 380.40 and the Due Process Clause of the U.S. Constitution require that these terms be imposed by the sentencing judge. See Earley v. Murray, 451 F.3d 71, 76 (2d Cir.) (Earley I), reh'g denied, 462 F.3d 147 (2d Cir. 2006) (Earley II) (holding unconstitutional the

3

practice by the Department of Correctional Services of adding a post-release supervision term to a sentence in cases where § 70.45 required it but the sentencing judge had not imposed it).

Accordingly, offenders on whom the Department imposed or executed post-release supervision terms after the policy was held unconstitutional in Earley II can bring the constitutional claims against the individuals who were responsible for the illegally imposed terms. See Betances v. Fischer, 837 F.3d 162, 170 (2d Cir. 2016) (affirming district court's finding of personal liability for the officials in the Department of Correctional Services and Department of Prisons who were responsible for making policy and implementing judicial decisions).

But plaintiff's complaint fails to state a claim regarding his administratively imposed term of post-release supervision because his sentence, which included the administratively imposed period of post-release supervision, has not yet been invalidated by a state tribunal or through other comparable means, and because he has not named the proper defendants.

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

(Internal footnote omitted). In a § 1983 case where the plaintiff seeks damages, the court must therefore consider whether judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," and, if it would, must dismiss the complaint "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

Here, plaintiff states in his complaint that "[b]y the time my sentence was complete it was too late to bring me back to court to be re-sentenced," and that he served all five years of administratively imposed post-release supervision before being released on February 14, 2007. Because plaintiff has not alleged that his sentence was otherwise reversed on direct appeal to the state court, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, his § 1983 claim is barred by Heck v. Humphrey. See also Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) ("Heck specifies that a prisoner cannot use § 1983 to obtain damages where success *would necessarily* imply the unlawfulness of a (not previously invalidated) conviction or sentence.").

Furthermore, plaintiff's complaint fails to state a claim because he has not named the proper defendants. The complaint names the Kings County District Attorney as the only defendant. In civil rights suits brought under 42 U.S.C. § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. Plaintiff has not alleged that the District Attorney personally imposed his post-release supervision term 17 years ago. Accordingly, any claims related to the administratively imposed term of post-release supervision are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

Should plaintiff wish to pursue claims related to his term of post-release supervision, his sentence must first be invalidated, which given that more than 14 years have passed since plaintiff was released, may only be possible by having it expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*. Furthermore, any new complaint filed by

5

plaintiff must name the individual or individuals responsible for the policy or the imposition of sentence and must describe what each defendant did or failed to do in violation of his civil rights.

In light of plaintiff's *pro se* status, the Court dismisses the complaint without prejudice for plaintiff to seek invalidation of his state-court sentence. The Court notes that because, under Heck, "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated," 512 U.S. at 489-90, the three-year statute of limitations for plaintiff's claim relating to his administratively imposed term of post-release supervision has not yet begun and will not begin to run until plaintiff's sentence is invalidated. See Owens v. Okure, 488 U.S. 235, 249-51 (1989) (courts deciding claims under § 1983 should "borrow" the forum state's statute of limitations for personal injury actions); N.Y.C.P.L.R. § 214 (McKinney's) (the statute of limitations for personal-injury actions in New York is three years.); see, e.g., Ruffins v. Dep't of Corr. Servs., 701 F. Supp. 2d 385, 395 (E.D.N.Y. 2010).

## II.     Claim Based on Pending Criminal Prosecution

To the extent plaintiff seeks to challenge his current criminal prosecution by the Kings County District Attorney, a federal civil-rights suit is not the appropriate mechanism. Under the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), federal courts may not interfere with pending state-court criminal prosecutions, absent some extraordinary circumstance such as bad faith prosecution, patently unconstitutional laws, or the lack of an adequate process in state court for protecting the rights of the accused. See Hansel v. Springfield, 56 F.3d 391, 393-94 (2d Cir. 1995). "Younger abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." Id. at 393. Here, the criminal case against

petitioner presumably remains pending, New York has an important state interest in enforcing its criminal laws, and petitioner is free to raise his constitutional claims in the pending criminal proceedings. Accordingly, to the extent that petitioner asks this Court to interfere in the ongoing state criminal proceedings, this claim against the Kings County District Attorney is dismissed pursuant to Younger.

## CONCLUSION

For the reasons discussed above, the Court finds that plaintiff has failed to state a claim. Accordingly, the Complaint is dismissed without prejudice as to the claim based on his administratively imposed post-release supervision period and with prejudice as to his claim based on his pending 2017 criminal prosecution. The Clerk is directed to enter judgment accordingly. If plaintiff wishes to pursue a § 1983 claim based on his administratively imposed post-release supervision period, he must first have that sentence invalidated. Any future § 1983 complaint raising the same claim must name the proper defendant, as explained above.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                U.S.D.J.

Dated: Brooklyn, New York
        March 23, 2018